UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER LEE,                                    Case No. 09-10723

        Plaintiff,                                  Avern Cohn
vs.                                                 United States District Judge

THOMAS BIRKETT, *et al.*,                           Michael Hluchaniuk
                                                    United States Magistrate Judge
        Defendants.
_____/

**ORDER ON PLAINTIFF'S MOTIONS
TO AMEND COMPLAINT (Dkt. 25, 33, 41)**

      This is a prisoner civil rights action filed on February 26, 2009. (Dkt. 1). Plaintiff alleges that defendants failed to provide sanitary prison conditions which posed a threat to his health in violation of his constitutional rights. This case was referred to the undersigned on April 30, 2009, for all pretrial purposes. (Dkt. 9).

      Plaintiff has filed three motions to amend his complaint. (Dkt. 25, 33, 41). While plaintiff's motions purport to be filed pursuant to Rule 15(a), they are in the nature of both a motion to amend under Rule 15(a) and a motion to supplement under Rule 15(d). Rule 15( d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the

1

pleading to be supplemented. Fed.R.Civ.P. 15(d). As the plain language of the rule indicates, "supplemental pleadings, not amended pleadings, are intended to cover matters occurring after the original complaint was filed." *Murphy v. Grenier*, 2009 WL 1044832 (E.D. Mich. 2009), citing, *United States ex rel. Kinney v. Stoltz*, 327 F.3d 671, 673 n. 4 (8th Cir. 2003); *United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002); *Flaherty v. Lang*, 199 F.3d 607, 614 n. 3 (2d Cir. 1999).

In plaintiff's motions to amend, he refers to new claims based on several grievances, some of which appear to have been initiated and exhausted before this lawsuit was filed and some of which were not exhausted before this suit was filed, have been since exhausted. (Dkt. 25, 33, 41). There is authority standing for the proposition that plaintiff may not amend his complaint to bring claims that were not exhausted prior to the initiation of the present lawsuit on February 26, 2009. *See e.g.*, *Utley v. Campbell*, 84 Fed.Appx. 627, *2 (6th Cir. 2003) (The district court properly noted that the plaintiff "had not exhausted his administrative grievances of the claims he sought to add until after this case was filed, and therefore they could not be appended to this litigation."); *see also Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *Vandiver v. CMS, Inc.*, 2007 WL 2746815, *1 (W.D. Mich. 2007) (The plaintiff's proposed amended complaint

rejected because it was "based upon...additional grievances," for which the underlying events "did not occur until after plaintiff filed the present suit.").

There is also authority standing for the proposition that such a rule would effectively, and improperly, bar a prisoner-plaintiff from seeking relief under Rule 15(d). In *Murphy*, *supra*, the magistrate judge recognized, and resolved, the apparent conflict between Rule 15(d) and the case law cited above:

> Defendants argument is as follows: the claims asserted in an amended complaint relate back to the filing of the original complaint, and thus the newly asserted claims would be deemed to have been filed on December 10, 2007; as of this date, the newly asserted claims could not have been exhausted, because they did not yet exist; an inmate must complete exhaustion prior to filing the action and may not complete exhaustion during the pendency of the action, *see Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); plaintiff's newly asserted claims would therefore be subject to dismissal for failure to exhaust administrative remedies; and accordingly leave to amend would be futile.
>
> Defendants' extension of *Freeman's* prohibition on amending to allege exhaustion completed during the pendency of an action to supplemental claims which are fully exhausted at the time they are proposed would render Rule 15(d) wholly inapplicable to prisoner actions. By definition, any supplemental claim permissible under Rule 15(d) arises after the original complaint is filed, and therefore administrative remedies will never have been exhausted at the time of the filing of the original complaint. Thus, under defendants' argument the PLRA's exhaustion requirement, 42 U.S.C. §

1997e(a) and *Freeman* effectively repeal Rule 15(d) with respect to prisoner actions. Nothing in the language of either § 1997e(a) or Freeman compels this result, and had Congress intended this result it would have spoken more clearly on the matter. "'[R]epeals by implication are not favored' and will not be presumed unless the 'intention of the legislation to repeal is clear and manifest.'" *National Ass'n of Home Builders v. Defenders of Wildlife*, 551 U.S. 644 (2007) (quoting *Watt v. Alaska*, 451 U.S. 259, 267 (1981)); *see also Posadas v. National City Bank of N.Y.*, 296 U.S. 497, 503 (1936) ("The cardinal rule is that repeals by implication are not favored.").

Thus, "[i]n the absence of a clear statement from Congress, [the Court is] reluctant to hold that the PLRA implicitly amends a Federal Rule." *Jackson v. Stinnett*, 102 F.3d 132, 135 (5th Cir. 1996). To be sure, such an implicit amendment may be found if there is an "irreconcilable conflict" between a provision of the PLRA and the federal rule. *See id.* at 136. Such an "irreconcilable conflict" exists between Rule 15(d) and § 1997e(a) only if the Court adopts the illogical position that the supplemental claims were filed before they existed. This is not a case, as in *Freeman*, where plaintiff is attempting to circumvent the requirements of § 1997e(a) by adding facts to show subsequent exhaustion of claims asserted in the original complaint. Rather, plaintiff seeks to add new claims, based on events occurring subsequent to the filing of the original complaint, which appear fully exhausted at the time first asserted in the proposed supplemental complaint. *Freeman* does not prohibit these types of claims, and defendants have pointed to no other decision which does. Accordingly, the Court should conclude that plaintiff is entitled to supplement his complaint to add these apparently exhausted claims.

4

*Murphy*, at *20 (parallel citations omitted). The undersigned agrees with the analysis in *Murphy*. Thus, to the extent that plaintiff's motions involve claims that were either initiated or where any part of the exhaustion process took place after this lawsuit was filed (February 26, 2009), his motions are to supplement under Rule 15(d). To the extent that his motions involve claims where the underlying events occurred before this suit was filed and the claims were fully exhausted before this suit was filed, the motions fall under Rule 15(a).

While the standard for granting leave to supplement is the same as for granting leave to amend, *Murphy, supra*, in these circumstances, plaintiff has a right to amend under Rule 15(a). Where "no defendant has yet filed a responsive pleading to the original complaint," a plaintiff is "entitled to amend his complaint as of right pursuant to Fed.R.Civ.P. 15(a)." *Reynolds-Bey v. Harris-Spicer*, 2007 WL 1063304, *1 (W.D. Mich. 2007); *see also Sousa v. Ferguson*, 2005 WL 1796131 (W.D. Mich. 2005) (An "amendment as of right under Fed.R.Civ.P. 15(a) can be forestalled only by the service of a 'responsive pleading,'" and "a motion to dismiss or for summary judgment is not considered to be a 'responsive pleading' for the purposes of Rule 15(a)."). Here, defendants have not filed a responsive pleading; rather they have only filed a motion for summary judgment. Thus, ordinarily, plaintiff would be able to amend his complaint under Rule 15(a)

5

without leave of the Court. However, a motion to supplement under Rule 15(d) is not an automatic right and requires leave of the Court.

To further confuse matters, in each motion to amend the complaint, plaintiff sets out only the portion of the complaint purporting to be his supplemental or amended claims. Local Rule 15.1 requires that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must ... reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." Local Rule 15.1 does not, however, appear to apply to *supplemental* pleadings, but rather, only applies to *amended* pleadings. In the interests of efficiency and completeness, the Court orders plaintiff to submit one complete pleading with all of his proposed claims that he seeks to move forward in this litigation, whether they can be characterized as "amended," "supplemental," or part of the original complaint.

Defendants also argue that plaintiff seeks to join claims and parties improperly under Rule 20, which provides in part that "all persons...may join in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Two questions are raised

by defendants' argument.  The first is whether misjoinder can provide a basis for the Court to disallow an amendment as of right and the second is whether the proposed parties and claims would be properly joined to the instant case.  In light of the Court's conclusions, the Court need not reach these two issues at this time, but will consider these issues after plaintiff submits his proposed amended and supplemental complaint.

Based on the foregoing, the Court orders plaintiff to file one complete pleading with all of the proposed claims that he seeks to move forward in this litigation, whether they can be characterized as "amended," "supplemental," or part of the original complaint.  This pleading should be entitled **PROPOSED AMENDED AND SUPPLEMENTAL COMPLAINT**.  Plaintiff must file his proposed amended and supplemental complaint by **November 18, 2009.**

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed.R.Civ.P. 72(a).  Any objections are required to specify the part of the Order to which the party

objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Date: October 23, 2009	s/Michael Hluchaniuk
	Michael Hluchaniuk
	United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on October 23, 2009, I electronically filed this paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: Christine Campbell, and I certify that I have mailed by United States Postal Service this paper to the plaintiff, a non-ECF participant, at the following address: Christopher Lee, # 236321, BARAGA MAXIMUM CORRECTIONAL FACILITY, Wadaga Road, Baraga, MI, 49908-9204.

	s/James P. Peltier
	Courtroom Deputy Clerk
	U.S. District Court
	600 Church Street
	Flint, MI 48502
	(810) 341-7850
	pete_peltier@mied.uscourts.gov