UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER LEE, | Case No. 09-10723 |
| Plaintiff, | Avern Cohn<br>United States District Judge |
| vs. | |
| THOMAS BIRKETT, *et al.*, | Michael Hluchaniuk<br>United States Magistrate Judge |
| Defendants._____/ | |

**ORDER DENYING MOTIONS TO EXTEND TIME,
DENYING MOTIONS TO COMPEL, AND GRANTING MOTION
TO STAY DISCOVERY (Dkt. 32, 34, 37, 44, 50, 54, 55, 62, 71)**

This is a prisoner civil rights action filed on February 26, 2009. (Dkt. 1). Plaintiff alleges that defendants failed to provide sanitary prison conditions which posed a threat to his health in violation of his constitutional rights. This case was referred to the undersigned Magistrate Judge on April 30, 2009, for all pretrial purposes. (Dkt. 9).

Defendants filed a motion for summary judgment on July 2, 2009. (Dkt. 24). On July 16, 2009, the Court ordered plaintiff to file a response by August 17, 2009. (Dkt. 29). On July 16, 2009, plaintiff filed a motion to extend the time to respond to the motion for summary judgment, in which he indicated that he would be filing a Rule 56(f) affidavit and a motion to compel the production of documents. (Dkt. 32). On July 30, 2009, plaintiff also filed a motion for the

1

production of certain documents. (Dkt. 37). The Court construed plaintiff's motion as a motion under Rule 56(f) and ordered defendants to respond to the motion with that construction in mind. (Dkt. 40). The next day, plaintiff filed a second motion to extend time. (Dkt. 44). In response, defendants argue that plaintiff's bare allegation of a need for discovery, without a supporting affidavit, is wholly insufficient. (Dkt. 49). In the interim, plaintiff filed a response to defendants' motion for summary judgment and a supporting affidavit. (Dkt. 56, 57, 58). Thus, the Court finds that plaintiff's motions to extend time (Dkt. 32, 44) are moot and they are **DENIED**.

A second motion for summary judgment was filed by another defendant on August 18, 2009, along with a motion to stay discovery. (Dkt. 50, 51). Plaintiff was ordered to respond to both motions by September 16, 2009. (Dkt. 53). Plaintiff filed a response to the motion to stay on September 11, 2009. (Dkt. 60). Plaintiff's "response" to the Court's order to respond suggests that he intends to rely on his previous responses to the earlier motion for summary judgment. (Dkt. 61). Plaintiff has also filed several motions to compel discovery. (Dkt. 34, 37, 54, 55, 62, 71). In all of his motions to compel, plaintiff asks the Court to order defendants to respond to his "46 questions," for copies of his medical records, and to produce certain grievances filed by other prisoners for claims similar to plaintiff's. With respect to plaintiff's medical records, defendants assert that the

documents provided by plaintiff show that he did not receive copies because he failed to pay the copying costs associated with them and thus, the motion should be denied. With respect to other discovery requests, defendants argue that the Court should stay discovery until the issue of qualified immunity is decided by the Court.

While plaintiff has filed several affidavits in this matter, none appear to be a Rule 56(f) affidavit explaining why he needs discovery before defendants' motions for summary judgment are decided. In his response to the Court's order requiring him to respond to the second motion for summary judgment, plaintiff says that "my rule 56(f) affidavit in opposition to the Defendants' 56(b) motion...is in support of my response to the Defendants motion to stay discovery, also." (Dkt. 61). He says he mailed this affidavit on August 26, 2009. (Dkt. 61). The Court received an affidavit from plaintiff on August 28, 2009, along with his "final" response to defendants' first motion for summary judgment, which appears to be the affidavit plaintiff identified in Dkt. 61. (Dkt. 58). Nothing in this lengthy affidavit suggests, however, that plaintiff requires additional discovery. Rather, it is a litany of plaintiff's proofs in support of his claims, including explanations and descriptions of each document and how they support his claims. In these circumstances, the Court concludes that plaintiff has not filed a sufficient Rule 56(f) affidavit to warrant allowing plaintiff to conduct discovery in order to respond to the pending motions for summary judgment.

As to plaintiff's motions to compel discovery, the Court concludes that a stay of discovery is appropriate and denies plaintiff's motions to compel. Generally, when a defendant files a dispositive motion on the grounds of qualified immunity, the court must not only determine that issue at the earliest possible moment, but should also stay discovery while the motion is under advisement. *See Roth v. President and Board of Trustees of Ohio University*, 2009 WL 2579388, *1 (S.D. Ohio 2009), citing, *Pearson v. Callahan*, --- U.S. ----, 129 S.Ct. 808, 815 (2009); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993); *see also Everson v. Leis*, 556 F.3d 484 (6th Cir. 2009) ("Qualified immunity is intended not only to protect officials from civil damages, but just as importantly, to protect them from the rigors of litigation itself, including the potential disruptiveness of discovery.") (citing, *Skousen v. Brighton High School*, 305 F.3d 520, 527 (6th Cir. 2002)). Limited discovery may be permitted before the district court can resolve a motion for summary judgment based on qualified immunity, however, where the Rule 56(f) affidavits are insufficient, such a request should be denied. *Porter v. City of Dyersburg*, 2008 WL 2222693, *2 (W.D. Tenn. 2008), citing, *Crawford-El v. Britton*, 523 U.S. 574, 598 n. 14 (1998). In *Porter*, the court found that the "motion for leave to permit discovery and supporting affidavits fail to demonstrate 'that any of the requested discovery is 'tailored specifically' to the issue of qualified immunity." *Id*. at *2, quoting,

*Sulfide v. Huff*, 2007 WL 1319278, at *1 (E.D. Tenn. 2007).  Likewise, in this case, plaintiff has not offered any basis for the Court to permit discovery before deciding the pending motions for summary judgment.  Thus, plaintiff's motions to compel (Dkt. 34, 37, 54, 55, 62, 71) are **DENIED** and defendant's motion to stay discovery (Dkt. 50) until the motions for summary judgment are resolved is **GRANTED**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed.R.Civ.P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Date: November 25, 2009                              s/Michael Hluchaniuk
                                                              Michael Hluchaniuk
                                                              United States Magistrate Judge

**CERTIFICATE OF SERVICE**

      I certify that on <u>November 25, 2009</u>, I electronically filed the foregoing pleading with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: <u>Christine Campbell,</u> and I certify that I have mailed by United States Postal Service the foregoing pleading to the plaintiff, a non-ECF participant, at the following address: <u>Christopher Lee, # 236321, BARAGA MAXIMUM CORRECTIONAL FACILITY, 13294 Wadaga Road, BARAGA, MI, 49908-9204.</u>

                                                                         s/Tammy Hallwood
                                                                        Case Manager
                                                                        U.S. District Court
                                                                        600 Church Street
                                                                        Flint, MI 48502
                                                                        (810) 341-7850
                                                                        tammy_hallwood@mied.uscourts.gov