UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER LEE,

    Plaintiff,

v.                                         Case No. 09-10723

THOMAS BIRKETT, et al,             HONORABLE AVERN COHN

    Defendants.

_____/

## ORDER OVERRULING THE PARTIES' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER ON PLAINTIFF'S MOTIONS TO AMEND COMPLAINT (Dkt. # 25, 33, 41)

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. In general terms, plaintiff, proceeding pro se, claims that defendants failed to provide sanitary prison conditions which posed a threat to his health in violation of his constitutional rights. The matter has been referred to a magistrate judge for all pre-trial proceedings.

The parties, particularly plaintiff, filed several motions. Namely, plaintiff filed three motions to amend his complaint (Dkt. # 25, 33, 41). Defendants filed a motion for summary judgment, to which plaintiff responded.

On October 23, 2009, the magistrate judge issued an order directing plaintiff to file a "Proposed Amended and Supplemental Complaint" (proposed complaint) by November 18, 2009. In the order, the magistrate judge said that once plaintiff's proposed complaint was filed, it would consider whether amendments, as implicated by plaintiff's motions (Dkt. # 25, 33, 41) would be proper. Defendants objected. The Court

overruled the objections (Dkt. # 86).

Plaintiff then filed the proposed complaint (Dkt. # 89). Thereafter, the magistrate judge directed defendants to file a supplemental response to plaintiff's motions to amend in light of the proposed complaint (Dkt # 91). Defendants filed a supplemental response, moving to dismiss the complaint or for summary judgment or alternatively asking the magistrate judge to deny plaintiff's motions to amend (Dkt. # 93). On December 17, 2009, the magistrate judge directed plaintiff to file a response to defendants' motion to dismiss or for summary judgment (Dkt. # 99). On January 11, 2010, the magistrate judge issued an order on plaintiff's motions to amend, denying in part (Dkt. # 25) and granting in part (Dkt. # 33, 41) the motions (Dkt. # 100). Plaintiff then filed a response to defendants' dispositive motion on January 14, 2010 (Dkt. # 101).

Both parties filed objections to the magistrate judge's order on plaintiff's motions to amend.

## II.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id.

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been

presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 1991).

III.

Defendants object to the magistrate judge's decision to allow plaintiff to amend his complaint to include claims and defendants arising from events which occurred before his complaint was filed (implicated by plaintiff's motions in Dkt. # 33 and 41). Defendants say that the magistrate judge already disposed of plaintiff's motions to amend by directing plaintiff to file a proposed complaint. Defendants also say that they have challenged plaintiff's ability to add these new claims and defendants in their recent dispositive motion to which plaintiff has filed a response.

This objection is not well-taken. Although admittedly the track of the case has been somewhat confusing, a review of the record shows that the magistrate judge did not rule on plaintiff's motions to amend, but rather allowed plaintiff to file a proposed complaint after which the magistrate judge would consider whether the amendments presented in his motions would be proper. The Court agreed with this course. Plaintiff filed the proposed complaint and the magistrate judge considered it, as well as the arguments in defendant's supplemental filing (Dkt. # 93) related to amendment, to issue the order disposing of the motions to amend. The Court agrees with the magistrate judge that plaintiff is permitted to amend his complaint in accordance with Dkt. # 33 and 41.

As for plaintiff, he objects to the magistrate judge's denial of his motion to amend (Dkt. # 25) to include claims from events that occurred after the original complaint was filed. Plaintiff's objections essentially duplicate arguments before the magistrate judge.

The Court agrees with the magistrate judge that amendment as to these events is not appropriate.

Accordingly, the parties' objections to the magistrate judge's order of January 11, 2010 are OVERRULED.

SO ORDERED.

                                      s/ Avern Cohn
                                      AVERN COHN
                                      UNITED STATES DISTRICT JUDGE

Dated:  January 26, 2010

I hereby certify that a copy of the foregoing document was mailed to Christopher Lee, 236321, Baraga Maximum Correctional Facility, 13924 Wadaga Road, Baraga, MI 49908 and the attorneys of record on this date, January 26, 2010, by electronic and/or ordinary mail.

                                      s/ Julie Owens
                                      Case Manager, (313) 234-5160