UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER LEE,

    Plaintiff,

v.                                         Case No. 09-10723

THOMAS BIRKETT, O'BELL T. WINN,       HONORABLE AVERN COHN
DONALD RICUMSTRICT, CARY WALKER,
KAREN PETERS, MICHAEL KRAJNIK,
CAROLLE WALKER, and JAMES McMEEKIM,

    Defendants.[1]

_____/

# MEMORANDUM AND ORDER
# ADOPTING THE REPORT AND RECOMMENDATION
# AND
# GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
# (Doc. Nos. 24, 51)
# AND
# DISMISSING THE CASE

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. In general terms, plaintiff, proceeding pro se, claims that defendants failed to provide sanitary prison conditions which posed a threat to his health in violation of his constitutional rights. The matter was referred to a magistrate judge for all pre-trial proceedings. Defendants filed motions for summary judgment. Specifically, on July 2, 2009, defendants Thomas

---

[1] Plaintiff's complaint also names a "T. Bain," "Sergeant Brown," and "John Does" as defendants. However, none of these defendants have been served or otherwise appeared in the case nor has plaintiff taken any action with respect to them. As such, to the extent plaintiff asserts any claims against them, they are DISMISSED. See E.D. Mich. LR 41.2.

Birkett, O'Bell T. Winn, Donald Ricumstrict, Cary Walker, Karen Peters, Michael Krajnik and Carolle Walker filed a motion for summary judgment (Doc. No. 24). On August 18, 2009, defendant James McMeekin filed a motion for summary judgment (Doc. No. 51). On February 18, 2010, the magistrate judge issued a report and recommendation (MJRR), recommending that both motions be granted (Doc. No. 109).

Before the Court are plaintiff's objections to the MJRR (Doc. No. 111). For the reasons that follow, the objections will be overruled, the MJRR will be adopted, defendants' motions for summary judgment will be granted, and the case will be dismissed.

II.

A district court must conduct a <u>de novo</u> review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. <u>Id</u>.

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. <u>Howard v. Sec'y of Health and Human Servs.</u>, 932 F.2d 505, 508 (6th Cir. 1991).

III.

Plaintiff makes several objections to the MJRR. The Court has reviewed the objections and find they lack merit. The majority of plaintiff's objections simply state his

2

disagreement with the magistrate judge and offer no additional argument or evidence which was not before the magistrate judge. Plaintiff also appears to object to the magistrate judge's alleged failure to consider all of his allegations of unsanitary conditions which forms the basis of his Eighth Amendment claim. Even if the magistrate judge did not articulate each of plaintiff's allegations, plaintiff fails to provide any evidence of these allegedly unsanitary conditions to defeat summary judgment. As noted in the MJRR, defendants provided detailed evidence of the sanitation policies and there is no evidence these were not followed.

III.

Accordingly, plaintiff's objections are OVERRULED. The MJRR is ADOPTED as the findings and conclusions of the Court. Defendants' motions for summary judgment are GRANTED. This case is DISMISSED.[2]

SO ORDERED.

Dated: March 22, 2010         S/Avern Cohn
                              AVERN COHN
                              UNITED STATES DISTRICT JUDGE

---

[2] On March 5, 2010, plaintiff filed a motion for an extension of time to file a response to McMeekin's motion for summary judgment (Doc. No. 112). In light of the Court's decision, the motion is DENIED AS MOOT. The request is also untimely as McMeekin's motion was filed in August 2009. Moreover, as noted in the MJRR, plaintiff did file a response to the motion in the form of a Rule 56(f) affidavit. See Doc. No. 61. Finally, the Court reviewed plaintiff's response (Doc. No. 116) and finds nothing in it which would give the Court reason to deny McMeekin's motion for summary judgment. In other words, plaintiff has not convinced the Court that the magistrate judge erred in determining that plaintiff has failed to make out a claim against McMeekin.

**09-10723 Lee v. Birkett, et al**
**Memorandum & Order Adopting R&R**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to Christopher Lee, 236321, Baraga Maximum Correctional Facility, 13924 Wadaga Road, Baraga, MI 49908 and the attorneys of record on this date, March 22, 2010, by electronic and/or ordinary mail.

    S/Julie Owens
    Case Manager, (313) 234-5160